# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**Brenda Lee Owens**                                                               **Plaintiff**

v.                              No. 5:14-CV–00185-BSM-JTR

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                      **Defendant**

## Recommended Disposition

### Instructions

The following Recommended Disposition ("Recommendation") has been sent to United States District Brian S. MIller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### Reasoning for Recommended Disposition

Brenda Lee Owens seeks judicial review of the denial of her second application for supplemental security income (SSI). Owens hasn't worked since 1993, when she became pregnant.[1] Owens decided to stay home with her children.[2] Sixteen years

---

[1] SSA record at p. 333.

[2] *Id.* at pp. 36-37 ("[A]fter the kids were born, I stayed home because I didn't trust people with my chidren.").

later, she applied for SSI.³  After her application was denied, she filed a second application. She based disability on depression, post traumatic stress disorder, and panic attacks.⁴

**The Commissioner's decision**. This case challenges a decision following an agency remand. The Commissioner's Appeals Council remanded the ALJ's first decision⁵ for clarification about Owens's physical and mental ability to work.⁶ The ALJ held a second hearing⁷ and issued a second decision denying the application.⁸

In the second decision, the ALJ identified depression as a severe impairment⁹ and determined that Owens can work at all exertional levels with defined limitations.¹⁰

---

³*Id*. at pp. 296 & 329 (indicating that first application was filed on Oct. 19, 2009 and was denied on Mar. 29, 2010).

⁴*Id*. at p. 333.

⁵*Id*. at p. 94 (decision dated Sept. 21, 2011).

⁶*Id*. at p. 111 (remand order dated Oct. 24, 2012).

⁷*Id*. at p. 31 (hearing on Mar. 20, 2013).

⁸*Id*. at p. 16 (decision dated Apr. 22, 2013).

⁹*Id*. at p. 18.

¹⁰*Id*. at p. 20 (determining that Owens can work at all exertional levels with the following limitations: (1) limited contact with the public and coworkers, (2) incidental interpersonal contact, (3) tasks learned and performed by rote with few variables and little required judgment, and (4) simple, direct, concrete supervision).

Because a vocational expert identified available work,[11] the ALJ determined Owens is not disabled and denied the application.[12]

After the Appeals Council declined to review,[13] the second decision became the Commissioner's final decision for the purpose of judicial review.[14] Owens filed this case to challenge the decision.[15] The court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[16]

**Owens's allegations**.  Owens complains that because the ALJ identified one severe impairment — depression, the ALJ should have identified bipolar disorder as

---

[11]*Id*. at p. 49 (identifying laundry worker as an example of available medium work and small products assembly II worker as an example of available light work).

[12]*Id*. at p. 24.

[13]*Id*. at p. 1.

[14]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[15]Docket entry # 1.

[16]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

a second severe impairment. She complains about the ALJ's evaluation of medical opinion evidence. She claims her treating provider's statement was entitled to more weight than non-examining-physician opinions. For these reasons, she says substantial evidence does not support the decision.[17]

**No harm flowed from identifying only depression as a severe impairment.** Owens's complaint about bipolar disorder flows from a secondary diagnosis.[18] The complaint implicates step two of disability-determination process. Step two requires the claimant to show she has a severe impairment.[19] If the claimant fails to prove a severe impairment, the process stops; the claim is denied.[20] If the claimant meets her burden, the claim proceeds to the next step. If the claimant proceeds to the next step, there can be no reversible error where the record shows the ALJ considered all of the medical evidence and all of the claimant's impairments.

Owens met her step-two burden; her claim proceeded to the next step. The record shows the ALJ considered all of the medical evidence and all of Owens's

---

[17]Docket entry # 18.

[18]SSA record at p. 601.

[19]20 C.F.R. § 416.920.

[20]*Bowen v. Yuckert*, 482 U.S. 137, 156-57 (1987) (O'Connor, J., concurring) (explaining that the Social Security Act authorizes the Commissioner to weed out applications by claimants who cannot possibly meet the statutory definition of disability at step two of the disability-determination process).

impairments. The ALJ summarized the medical evidence, including the diagnosis of bipolar disorder, on page 7 of the challenged decision.[21] The ALJ cited the medical evidence reflecting the diagnosis — exhibit 19F. Thus, Owens was not harmed by the failure to identify bipolar disorder as a step two "severe" impairment.

**The ALJ's evaluation of the medical opinion evidence**. Agency regulations require an ALJ to consider medical opinion evidence in determining whether the claimant is disabled.[22] The regulations favor treating-physician opinions, in part, because treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)…."[23]

The record contains the medical opinions summarized in the following chart:

---

[21]SSA record at p. 22.

[22]20 C.F.R. § 416.927.

[23]*Id*.

| medical opinion | purpose | reported limitations | assigned weight |
|---|---|---|---|
| 1. March 2010 mental RFC assessment by non-examining agency psychologist, p. 444 | prepared for 1st application, based on agency psychologist's review of medical records | claimant can work with limitations: (1) incidental interpersonal contact, (2) tasks learned & performed by rote with few variables & little required judgment, & (3) simple, direct, concrete supervision | "significant weight" |
| 2. Sept. 2010 psychiatric review technique (PRT) by non-examining agency psychologist, p. 524 | prepared for 2d application, based on agency psychologist's review of medical records | claimant's condition is not severely limiting at this time | "less than significant weight" |
| 3. Nov. 2010 case analysis by non-examining agency psychiatrist, p. 572 | prepared for 2d application, based on agency psychiatrist's review of medical records | affirming the Sept. 2010 "not severe" rating | "significant weight" |
| 4. Aug. 2011 RFC form by a treating mental health advanced practice nurse (APN), p. 587 | prepared at claimant's request, two days after 1st hearing | claimant has difficulties with maintaining social functioning & concentration, & completing tasks without interruption from psychologically based symptoms | "little weight" |

Opinion # 1 — the March 2010 mental RFC assessment — sets forth the mental limitations the ALJ adopted in defining Owens's ability to work.[24] Opinion # 1 provides useful background information and responds to Owens's symptoms, but it *preceded the time period for which benefits were denied*. Thus, it is unclear why the ALJ afforded it "significant weight."

Opinion # 2 — the September 2010 PRT[25] — is more probative of Owens's

---

[24]*Compare* SSA record at p. 444 (mental RFC assessment setting forth mental limitations) *with id.* at p. 20 (setting forth Owens's ability to work).

[25]*Id.* at p. 524.

claim because it addresses the time period for which benefits were denied. Opinion #2 found that Owens did not have a severe mental impairment, which was *inconsistent* with the ALJ's finding that Owens did have a "severe" mental impairment.

The ALJ characterized opinion # 3 — the November 2010 case analysis[26] — as affirming opinion # 1, but it actually affirmed opinion # 2; the authoring psychiatrist agreed with the agency psychologist that Owens had no "severe" mental impairment. While the ALJ gave opinion #3 "significant weight," *it was inconsistent with the ALJ's finding that Owens had a "severe" mental impaitment.*

Notably, all three of the preceding opinions were from agency psychologists or psychiatrists who merely reviewed Owens' medical records.[27]

Finally, while opinion # 4 was from a mental health APN who had at least seen Owens in a treating capacity for medication management, it does not appear that she was an "acceptable medical source" for purposes of establishing an impairment.[28]

The preceding evidence, and the ALJ's analysis of it, constitutes a hopelessly

---

[26]SSA record at p. 572.

[27]*Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000) ("The opinions of doctors who have not examined the claimant ordinarily do not constitute substantial evidence on the record as a whole. Likewise, the testimony of a vocational expert who responds to a hypothetical based on such evidence is not substantial evidence upon which to base a denial of benefits.").

[28]20 C.F.R. § 416.913 (listing sources who can provide medical evidence to establish impairment).

muddled picture of Owens' mental RFC. Of the two opinions that the ALJ gave "significant weight," one *preceded* the relevant time period and the other found that Owens did not have a Step 2 "severe" mental impairment, which was *inconsistent* with the ALJ's findings. Given the current state of the record, the Court concludes that substantial evidence does not support the ALJ's mental RFC assessment.

## Conclusion and Recommended Disposition

For the foregoing reasons, the court recommends that this case be reversed and remanded for further proceedings pursuant to "sentence four," within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). On remand, the ALJ should carefully update the record, and obtain an opinion from a treating or consultative psychiatrist or psychologist that specifically addresses the limiting effects of her mental impairment.

Dated this 4th day of August, 2015.

                                                /s/ J. Thomas Ray
                                                United States Magistrate Judge